**KRISS & FEUERSTEIN LLP**
360 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 661-2900
(212) 661-9397 – facsimile
Jerold C. Feuerstein, Esq.
Daniel N. Zinman, Esq.
Stuart L. Kossar, Esq.
jfeuerstein@kandfllp.com
dzinman@kandfllp.com
skossar@kandfllp.com

*Attorneys for 58 Dobbin Funding L.P.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| 58 Dobbin LLC, | Case No. 24-41110-ess |
| Debtor. | Hon. Elizabeth S. Stong<br>United States Bankruptcy Judge |

------------------------------------------------------------x

**58 DOBBIN FUNDING L.P.'S APPLICATION IN SUPPORT OF ITS MOTION FOR THE ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(3) AND OTHER REQUESTED RELIEF**

TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

58 Dobbin Funding L.P. ("Secured Creditor"), a secured creditor and mortgagee of the Debtor, 58 Dobbin LLC (the "Debtor"), in the above referenced Bankruptcy Case (the "Bankruptcy Case"), by and through its attorneys, Kriss & Feuerstein LLP, respectfully submits this application (the "Application") in support of its Motion (the "SARE Motion") for the entry of an Order: (i) granting relief from the automatic stay pursuant to 11 U.S.C. §§ 105(a) and 362(d)(3) so that it may exercise all rights and remedies available to it under applicable law with respect to the Debtor and/or real property commonly known and located at 58 Dobbin Street, Brooklyn, New York 11222 (Block: 2643, Lot: 52) (the "Property"); (ii) waiving the fourteen (14) day stay

imposed by FED. R. BANKR.P. 4001(a)(3); and (iii) granting such further and different relief as the Court may deem just and proper. In support of this Application, the Secured Creditor respectfully states as follows:

## PRELIMINARY STATEMENT

1. As set forth in Secured Creditor's Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) (the "Stay Relief Motion") [ECF No. 14], this is the Debtor's second bankruptcy filing relating to the Property. The Debtor has commenced the Bankruptcy Case in bad faith and solely for the purpose of preventing Secured Creditor (from exercising its rights to foreclose its mortgage on the investment property owned by Debtor immediately prior to the sale of the Property pursuant to a Judgment of Foreclosure and Sale entered before the commencement of the Bankruptcy Case.

2. Further, it is undisputed that the Debtor is designated as Single Asset Real Estate ("SARE") pursuant to 11 U.S.C. § 101(51B). As such, the Debtor is required pursuant to 11 U.S.C. § 362(d)(3) to file a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or commence monthly payments to the Secured Creditor within ninety days after the entry of the order for relief.  Here, as the Petition was filed on March 13, 2024, the statutory deadline for the Debtor to comply with the requirements of 11 U.S.C. § 362(d)(3) expired on June 11, 2024 (the "SARE Deadline"). To date, the Debtor has not filed a plan of reorganization or made any payments to the Secured Creditor. In addition, the Debtor has failed to secure an order from this Court extending the SARE Deadline.  Therefore, this Court should grant the Secured Creditor relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(3).

3. Based on the foregoing, and for the reasons set forth below, the Secured Creditor respectfully requests that this Court enter an order: (i) granting relief from the automatic stay

pursuant to 11 U.S.C. §§ 105(a) and 362(d)(3) so that it may exercise all rights and remedies available to it under applicable law with respect to the Property; (ii) waiving the fourteen (14) day stay imposed by FED. R. BANKR.P. 4001(a)(3); and (iii) granting such further and different relief as the Court may deem just and proper.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 & 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5.  The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 362(d)(3) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Rules").

## BACKGROUND[1]

**The Loan, Default and Foreclosure Action**

6.  On November 30, 2018, in connection with the Loan, to secure repayment of the indebtedness evidenced by the Note,[2] the Debtor executed, acknowledged, and delivered to Secured Creditor, the Mortgage encumbering the Property, which was recorded on December 12, 2018, in the City Register under CRFN: 2018000409116 (*See* Stay Relief Motion Fried Decl. ¶ 6; Stay Relief Motion Ex. B)[3].

7.  The Mortgage specifically provides that the Debtor is defined as Single Asset Real Estate pursuant to 11 U.S.C. § 101(51B) (*See* Stay Relief Motion Ex. B at § 46(g)).

---

[1] For a more detailed recitation of the factual and procedural background of this matter this Court is respectfully referred to the Stay Relief Motion and requests the statements and exhibits contained therein be incorporated by referenced.

[2] Capitalized terms used but defined herein shall have the same meaning as in the Stay Relief Motion.

[3] "Stay Relief Fried Decl." shall refer to the Declaration of Yitzhak Isaac Fried annexed to the Stay Relief Motion and "Stay Relief Motion Ex." shall refer to the exhibits annexed to the Stay Relief Motion.

3

8. The Debtor defaulted under the Loan Documents by failing to make the monthly payment due on March 1, 2019,[4] and each payment thereafter (the "<u>Default</u>") (*See* Stay Relief Motion Fried Decl. at ¶ 9; Stay Relief Motion Ex. F, at ¶ 9).

9. As a result of the Default, pursuant to the terms of the Loan Documents, Secured Creditor declared the balance of the principal indebtedness immediately due and payable and commenced a mortgage foreclosure action (the "<u>Foreclosure Action</u>") in the Supreme Court of the State of New York, County of Kings (the "<u>State Court</u>") under Index No. 523368/2019 in the matter originally styled *58 Dobbin Funding L.P. v. 58 Dobbin LLC, et al* on October 25, 2019 (*See* Stay Relief Motion Fried Decl. at ¶ 11; Stay Relief Motion Ex. F).

10. On March 30, 2023, the State Court entered a decision and order granting the JFS Motion which was served with Notice of Entry upon Borrower Parties (*See* Stay Relief Motion Fried Decl. at ¶ 25; Stay Relief Motion Ex. M).

**<u>The First Bankruptcy Case</u>**

11. On August 16, 2023, just one (1) day before the Foreclosure Sale, the Debtor filed a petition (the "<u>First Petition</u>") in the United States Bankruptcy Court, Eastern District of New York for Chapter 11 bankruptcy relief (Case No. 23-42938-ess) (the "<u>First Bankruptcy Case</u>"), staying the First Foreclosure Sale [*See* First Bankruptcy Case ECF No. 1].[5]

12. The Debtor failed to prosecute the First Bankruptcy Case to any meaningful extent and failed to: (i) file monthly operating reports; (ii) file a plan of reorganization and (iii) make payments to Secured Creditor.

13. On December 1, 2023, the Secured Creditor filed a motion (the "<u>Stay Relief Motion</u>") seeking relief from the automatic stay pursuant to 11 U.S.C. §§ 105(a), 361, 362(d)(1),

---

[4] The last payment received by Secured Creditor was on March 15, 2019, which was applied to February's interest.
[5] "First Bankruptcy Case ECF No." shall refer to the Docket entries in the First Bankruptcy Case.

4

362(d)(2) and 362(d)(3), which was unopposed [*See* First Bankruptcy Case ECF No. 25].

14. As the First Petition was filed on August 16, 2023, the statutory deadline for the Debtor to comply with the requirements of 11 U.S.C. § 362(d)(3) expired on September 14, 2023 [*See* First Bankruptcy Case Docket].

15. On January 4, 2024, a hearing was held on the Stay Relief Motion and the Office of the United States Trustee's Motion to Dismiss the First Bankruptcy Case (the "Dismissal Motion") and this Court granted both motions [*See* First Bankruptcy Case Docket; First Bankruptcy Case ECF No. 33].

16. On January 5, 2024, this Court entered an order granting the Dismissal Motion [*See* First Bankruptcy Case ECF No. 33].

**The Instant Bankruptcy Case**

17. After the First Bankruptcy Case was dismissed, Secured Creditor scheduled another foreclosure sale of the Property for March 14, 2024 (the "Second Foreclosure Sale") (*See* Stay Relief Motion Fried Decl, at ¶ 42, Stay Relief Motion Ex. O).

18. On March 13, 2024 (the "Petition Date"), just one (1) day before the Foreclosure Sale, the Debtor filed a petition (the "Petition") in the United States Bankruptcy Court, Eastern District of New York for Chapter 11 bankruptcy relief commencing the Bankruptcy Case and staying the Second Foreclosure Sale [*See* ECF No. 1].

19. The Petition confirms that the Debtor is Single Asset Real Estate as defined in 11 U.S.C. § 101(51B) [ECF No. 1].

20. On April 22, 2024, Secured Creditor filed the Stay Relief Motion [ECF No.14].

21. On May 3, 2024, an initial case conference was held [ECF No. 9].

22. On May 17, 2024, a meeting of creditors was held pursuant to 11 U.S.C. 341(a)

5

[*See* Docket].

23.     On June 18, 2024, the Stay Relief Motion was adjourned as the request of Debtor and all matters are scheduled to be heard on July 19, 2024 [ECF No. 19]

24.     To date, the Debtor has failed to prosecute the Bankruptcy Case to any meaningful extent and failed to: (i) file any monthly operating reports for the months; (ii) file a plan of reorganization and (iii) make payments to Secured Creditor.

25.     As the Petition was filed on March 13, 2024, the statutory deadline for the Debtor to comply with the requirements of 11 U.S.C. § 362(d)(3) expired on June 11, 2024.  In addition, Debtor has not sought an order to extend the SARE Deadline.

26.     According, Secured Creditor filed the SARE Motion.

## RELIEF SOUGHT

## POINT I

### RELIEF FROM STAY SHOULD BE GRANTED PURSUANT TO 11 U.S.C. § 362(D)(3) AS THE DEBTOR HAS FAILED TO FILE ANY PLAN OF REORGANIZATION OR COMMENCED MAKING MONTHLY PAYMENTS

27.     Cause exists under § 362(d)(3) of the Bankruptcy Code to grant the Secured Creditor relief from the automatic stay to prosecute its interest in the Property in the Foreclosure Action, as a matter of law. 11 U.S.C. § 362(d)(3) provides in pertinent part as follows

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, **not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period)…** or 30 days after the court determines that the debtor subject to this paragraph, whichever is later—

> (A) the debtors filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
>
> (B) the debtor has commenced [certain] monthly payments . . . . (**emphasis added)**

This "means that unless a single asset real estate debtor files an appropriate plan or commences making payments to the secured creditor within the statutory time period or receives an extension for cause modification of the stay is warranted." *See In Re South Side House, LLC,* 474 B.R. 391, 418 (Bankr. E.D.N.Y. 2012); *citing In Re Crown Ohio Invs. LLC*, 2010 Bankr. LEXIS 804, at 4 (Bank. E.D.N.Y. Mar. 12, 2010).

28.     Congress was apparently concerned about the delay in the bankruptcy process and the resulting unfairness to secured lenders when single asset real estate projects were involved in enacting § 362(d)(3). *In re LDN Corp*., 191 B.R. 320, 326 (Bankr. E.D. Va. 1996).  As stated in the Senate Report, "[t]his amendment will ensure that the automatic stay provision is not abused, while giving the debtor the opportunity to create a workable plan of reorganization". S.Rep. No. 168, 103rd Cong., 1st Sess. (1993). *Id*. The Court in *LDN Corp*, went on to find that:

> In enacting the amendments relative to single asset real estate cases, Congress has provided for *extraordinary expedition*. *In re Kkemko, Inc*., 181 B.R. 47, 51 (Bankr. S.D. Ohio 1995) ... Representative Brooks, Chairman of the House Judiciary Committee, stated that "[w]ithout bankruptcy reform, companies, creditors, and debtors alike will continue to be placed on endless hold until their rights and obligations are adjudicated under the present system—and that slows down new ventures, new extensions of credit, and new investments". 140 Cong.Rec. 10,764 (1994). Congressman Brooks went on to say that "[w]e have been very careful in striking a balance between creditors and debtors in the legislation". 140 Cong.Rec. 10,764 (1994). Although the comments of Congressman Brooks were about the bill as a whole, there is no doubt that section 362(d)(3) in particular addresses the concern that debtors with little of hope of successfully reorganizing delay the bankruptcy process while secured creditors are left helplessly on the sidelines. Congress expressly attempted to avoid the usual delays experienced in Chapter 11 in single asset real estate cases, which historically have been filed to avoid a foreclosure and in the hope that the debtor can come up with some form of a miracle

7

> in order to formulate an acceptable plan. Congress was persuaded that such delays in single asset real estate cases are unwarranted and it passed the amendment to Section 362 in 1994 to provide a means to expedite the potential for relief unless certain conditions are met. The unequivocal language of the statute mandates relief from stay in such cases.

*See In re LDN Corp.*, 191 B.R. 320, 326 (Bankr. E.D. Va. 1996).

29. The language in the statute governing relief from stay in single asset real estate cases is unambiguous. Congress was persuaded to give secured creditors quick relief in single asset case when debtor fails to promptly file a plan or make early interest payments to the creditor secured by the real estate. See *LDN Corp., In re 51-53 W. 129th St. HDFC, Inc.*, 475 B.R. 391, 400 (Bankr. S.D.N.Y. 2012); *In re 68 W. 127 St., LLC*, 285 B.R. 838, 843 (Bankr. S.D.N.Y. 2002) (In order to demonstrate that a debtor has a reasonable probability of emerging from the bankruptcy proceedings and a realistic chance of reorganizing, a debtor must have filed a plan that has a reasonable possibility of being confirmed within a reasonable time). Thus, it is clear that in order for a debtor that is designated single asset real estate to continue to receive the benefits of the automatic stay after the passing of the ninety-day (90) period following the date that the order for relief was entered, such a debtor, must either have (a) filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time, (b) commenced making monthly payments, or (c) obtained an Order extending the time period set forth in that statute, "for cause" by "order entered within that 90-day period."

30. As set forth in the accompany Declaration of Yitzhak Isaac Fried (the "SARE Motion Fried Decl."), here, it is undisputed that as this case was filed on March 13, 2024, the ninety-day (90) period following the Petition Date expired on June 11, 2024 (*See* Docket and SARE Motion Fried Decl.). In addition, it is also undisputed that Debtor has failed to: (i) file any plan of reorganization that has a reasonable possibility of being confirmed within a reasonable

time, (b) commence making monthly payments, or (c) obtain an Order extending the time period set forth in that statute, "for cause" by "order entered within that 90-day period." *See Id*.

31. As a result, the Secured Creditor is entitled to relief from the automatic stay as a matter of law pursuant to 11 U.S.C. § 362(d)(3).

## POINT II

### THIS COURT SHOULD WAIVE THE FOURTEEN (14) DAY STAY REQUIREMENT UNDER FED. R. BANK. P. 4001(A)(3)

32. Pursuant to Bankruptcy Rule 4001(a)(3), an "order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3)..

33. Here, Secured Creditor respectfully requests waiver of the fourteen-day stay so that it can promptly proceed with its Foreclosure Action. This particularly important where the Debtor has failed to make any payments to Secured Creditor.

## APPLICATION

34. Secured Creditor respectfully requests that this Court enter an Order: (i) granting relief from the automatic stay for cause pursuant to 11 U.S.C. §§ 105(a), and 362(d)(3) so that it may exercise all rights and remedies available to it under applicable law with respect to the Debtor and/or the Property; (ii) waiving the fourteen (14) day stay imposed by FED. R. BANKR.P. 4001(a)(3); and (iii) granting such further and different relief as the Court may deem just and proper.

### RESERVATION OF RIGHTS, NOTICE, PROPOSED ORDER, WAIVER OF MEMORANDUM OF LAW, AND PRIOR APPLICATION

35. The Secured Creditor expressly reserves its right to amend or supplement the SARE

Motion, to introduce evidence supporting the SARE Motion at the hearing on the SARE Motion, and to file additional and supplemental response as Secured Creditor deems advisable.

36. Notice of the SARE Motion has been provided to the Office of the United States Trustee, Debtor, and to all creditors of the Debtor entitled to notice in this Chapter 11 case. In light of the nature of the relief requested, Secured Creditor submits that no other or further notices need be provided.

37. As the SARE Motion does not raise any novel issues of law and the legal authority for the requested relief is set forth herein, Secured Creditor respectfully requests that the Court waive any Memorandum of Law requirement contained in the Local Rules of this court.

38. A proposed order is annexed hereto as **Exhibit "A"**.

39. No previous application for the relief sought herein has been filed before this Court in this case.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, Secured Creditor respectfully requests that this Court enter an Order: (i) granting relief from the automatic stay for cause pursuant to 11 U.S.C. §§ 105(a) and 362(d)(3); (ii) waiving the fourteen (14) day stay imposed by FED. R. BANKR.P. 4001(a)(3); and (iii) granting such further and different relief as the Court may deem just and proper.

Dated: New York, New York
       July 2, 2024

                                    KRISS & FEUERSTEIN LLP
                                    *Attorneys for 58 Dobbin Funding L.P.*

                                    *s/Jerold C. Feuerstein*
                                    Jerold C. Feuerstein, Esq.
                                    Daniel N. Zinman. Esq.
                                    Stuart L. Kossar, Esq.
                                    360 Lexington Avenue, Suite 1200
                                    New York, New York 10017
                                    (212) 661-2900